UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID J. BROZOSTEK,

                              Plaintiff,

       -v.-                                                   6:98-CV-1195
                                                                 (LEK)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

**DECISION AND ORDER**

      Currently before the Court is a Motion for attorney fees under the Equal Justice Act ("EJA") filed by Plaintiff David J. Brozostek ("Plaintiff"). Motion (Dkt. No. 18). Defendant Commissioner of Social Security ("Defendant") has filed a motion in opposition, arguing, among other things, that Plaintiff was not a prevailing party and thus, not entitled to fees. Opposition (Dkt. No. 21) at 4. Additionally, Defendant argues that, if fees are awarded, that the award should be significantly less than Plaintiff's fee application requests. Id.

I.      Background

      Plaintiff applied for disability insurance benefits on October 17, 1995 and was denied, both initially and on reconsideration. Report-Recommendation (Dkt. No. 14) at 2. Subsequently, an administrative law judge found that Plaintiff was not disabled, in a decision issued December 23, 1996. Id. After the Appeals Council considered additional evidence and confirmed the ALJ's findings, Plaintiff sought judicial review in this Court. Id. Magistrate Judge Gary L. Sharpe issued a Report and Recommendation that the Commissioner's decision be remanded to the Appeals Council, with the requirement that the Appeals Council describe the post-hearing evidence

and explain their decision that such evidence did not support changing the ALJ's decision. Report-Recommendation (Dkt. No. 14) at 17. On April 8, 2002, this Court ordered that the Report and Recommendation be approved and adopted in its entirety. Order (Dkt. No. 16).

II.     Analysis

The Equal Access to Justice Act allows for an award of attorney fees against a prevailing party in any civil action brought by or against the United States. 28 U.S.C.A § 2412(d). "[N]o fee award is permissible until the plaintiff has crossed the statutory threshold of prevailing party status." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989). The Second Circuit has found that a social security claimant prevails when it is determined that he is entitled to social security benefits. Green v. Bowen, 877 F.2d 204, 206 (2d Cir. 1989). See also Hanrahan v. Hampton, 446 U.S. 754, 756-57 (1980) (finding that fee awards are appropriate only where "a party … has established his entitlement to some relief on the merits of his claims") (quoted in McGill v. Sec'y of Health and Human Serv. 712 F.2d 28, 31 (2d Cir. 1983)).

In this case, Plaintiff never established his entitlement to the benefits he sought. This Court remanded Plaintiff's case only because the Appeals Council did not support its decision with substantial evidence. See Order (Dkt. No. 16); Report and Recommendation (Dkt. No. 14) at 17. The remand order requires the Appeals Council to explain its decision. Id. Plaintiff never even alleged that this remand resulted in benefits. Such a remand, while technically a judgment in Plaintiff's favor, does not suffice to make Plaintiff a "prevailing party"under the EJA. Accordingly, Plaintiff is not entitled to attorney fees under the EJA.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 18) is hereby **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   July 27, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge